## B. F. WALKER v. STATE.

No. A-7315. Opinion Filed May 10, 1930.
Rehearing Denied Oct. 25, 1930.
(291 Pac. 991.)

W. H. Brown and H. W. Sitton, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   B. F. Walker, hereinafter called defendant, was convicted in the district court of Stephens county of the crime of offering a false instrument for record, and his punishment fixed at a fine of $250 and costs.

The evidence of the state was that Amos W. Christy was the owner of certain lands in Stephens, Marshall, and Love counties, and that on the 23d day of September, 1926, he executed a lease for a period of one year of these premises to the defendant, defendant paying $25 at that time and $10 a few days later, the lease being placed in escrow with the First National Bank at Stigler to be delivered to defendant when the balance indicated by a draft attached to the lease was paid to the bank. Defendant failed to pay this draft, and on November 29, 1926, the county clerk of Stephens county received through the mail from Sulphur, Okla., a lease purporting to be executed by Amos W. Christy to E. R. Walker, the wife of defendant, said lease purporting to have been executed by Christy before the defendant as a notary public on November 23, 1926. This lease covered the identical lands of Christy covered by the lease dated September 23, 1926, the consideration for which the defendant had refused to fully pay. This last lease purported to be executed for a period of five years for a consideration of $500, the receipt of which was acknowledged, and it is this lease that is alleged to be false and fraudulent.

The defendant contends first that the evidence is insufficient to support the verdict. Christy was an Indian who had been under a guardianship and whose lands had been previously leased by defendant. Christy having come of age, defendant started out to deal with him for the lease of his land. Christy testifying for the state denied that he executed the lease of November 23, 1926, or ever received any part of the $500. Mr. Tillottson, the county clerk of Stephens county, testifying for the state, said that according to the records of his office this lease was received at 8 a. m. November 29, 1926, from B. F. Walker, the defendant, and that the same was recorded and returned to him at Sulphur, Okla., on the following day. The testimony of the defendant is to the effect that at that time he was living in Sulphur and that he does not remember whether he or his wife forwarded this lease to the county clerk of Stephens county for the purpose of being recorded. The evidence of the defendant shows he did not finish paying for the first lease because there was another man claiming a prior lease on Christy's land, and testified that the lease of November 23, 1926, was executed by Christy and was a valid existing lease. The evidence was directly in conflict between Christy and the defendant. The facts and circumstances surrounding the transaction corroborate Christy, and there was sufficient evidence before the jury to justify them in finding that the lease was a false and forged instrument and that the defendant knowing this had caused the same to be recorded.

The defendant next complains that the court erred in giving instructions Nos. 2 and 4. In defendant's brief his counsel says:

"There is probably not much fault to be found with instruction No. 2 insofar as it clearly states a proposition of law. The fault in the instruction lies in the fact that

there is no sufficient evidence whatsoever upon which to base the instruction."

The argument against these instructions is in effect an argument attacking the sufficiency of the evidence. This court having reached the conclusion that the evidence in this case was sufficient to submit the question of the guilt or innocence of the defendant of the crime alleged to the jury, then no error has been pointed out in the instruction. The instructions complained of fairly state the law of the case as applicable to the evidence and were as favorable to the defendant as the facts would warrant.

Defendant complains of other errors, but they are without sufficient merit to justify a reversal of the case. For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.